1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10   ANTHONY E. WASHINGTON,

11          Plaintiff,                    No. CIV S-10-408 KJM P

12      vs.

13   SACRAMENTO COUNTY JAIL, et al.,

14          Defendants.                   ORDER

15   _____/

16          Plaintiff is a federal prisoner proceeding pro se and in forma pauperis with an

17   action he styles as a Bivens[1] action.   By order filed February 23, 2001, plaintiff's complaint,

18   which was filed under 42 U.S.C. § 1983, was dismissed with leave to file an amended complaint.

19   After receiving a number of extensions of time, plaintiff has now filed an amended complaint.

20          The court is required to screen complaints brought by prisoners seeking relief

21   against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

22   § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

23   claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may

24   /////

25

26      [1] Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971).

1

1  be granted, or that seek monetary relief from a defendant who is immune from such relief.  28

2  U.S.C. § 1915A(b)(1),(2).

3          A claim is legally frivolous when it lacks an arguable basis either in law or in

4  fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-

5  28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

6  indisputably meritless legal theory or where the factual contentions are clearly baseless.

7  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however

8  inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d

9  639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

10          In order to avoid dismissal for failure to state a claim a complaint must contain

11  more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements

12  of a cause of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007).  In other

13  words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

14  statements do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  Furthermore, a

15  claim upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.

16  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to

17  draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 129

18  S. Ct. at 1949.  When considering whether a complaint states a claim upon which relief can be

19  granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200

20  (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v.

21  Rhodes, 416 U.S. 232, 236 (1974).

22          Initially the court notes that although plaintiff was a federal pretrial detainee at

23  the time of the events of which he complains, the defendants were acting under color of state

24  law, not federal law.  A Bivens action proceeds against those who act under color of federal law;

25  the court will therefore construe plaintiff's complaint as being one brought under the civil rights

26  act.

1    Plaintiff identifies several jail employees and employees of an entity that

2  presumably contracts with the jail to provide medical services, but ties only one of the named

3  defendants to any actions in this case.  In addition, although it appears that he is claiming he was

4  denied appropriate care for HIV and diabetes, his allegations are sufficiently vague so as to

5  prevent the court from determining whether he has stated a claim.  For example, he alleges that

6  the medication given to him for HIV caused diarrhea, but it is not clear whether he claims this as

7  the basis of any Eighth Amendment claim or whether he is asserting that the failure to give him a

8  different medication violated his rights.  He also complains of diabetes-related problems with his

9  left leg, but does not identify which defendants were involved with the care for that particular

10  condition.  He will be given the opportunity to amend his complaint, if he is able to while fully

11  complying with Federal Rule of Civil Procedure 11.

12    In light of the above, the court finds the allegations in plaintiff's amended

13  complaint so vague and conclusory that it fails to state a claim upon which relief can be granted.

14  Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a complaint

15  must give fair notice and state the elements of the claim plainly and succinctly.  Jones v.

16  Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at

17  least some degree of particularity overt acts which defendants engaged in that support plaintiff's

18  claim.  Id.  Plaintiff's amended complaint must be dismissed.  The court will, however, grant

19  leave to file a second amended complaint.

20    If plaintiff chooses to file a second amended complaint, plaintiff must

21  demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's

22  constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the second

23  amended complaint must allege in specific terms how each named defendant is involved.  There

24  can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection

25  between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362

26  (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740,

1  743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in

2  civil rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir.

3  1982).

4       In addition, plaintiff is informed that the court cannot refer to a prior pleading in

5  order to make plaintiff's second amended complaint complete.  Local Rule 220 requires that an

6  amended complaint be complete in itself without reference to any prior pleading.  This is

7  because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v.

8  Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files a second amended complaint, the

9  original pleading no longer serves any function in the case.  Therefore, in a second amended

10  complaint, as in an original complaint, each claim and the involvement of each defendant must

11  be sufficiently alleged.

12       Plaintiff has also filed a letter requesting an extension of time in which to conduct

13  discovery.  Plaintiff is advised that no discovery will proceed until the court has determined that

14  plaintiff has stated a claim, defendants have been served, and the court has issued a discovery

15  order.

16       In accordance with the above, IT IS HEREBY ORDERED that:

17       1.  Plaintiff's amended complaint is dismissed;

18       2.  Plaintiff is granted thirty days from the date of service of this order to file a

19  second amended complaint that complies with the requirements of the Civil Rights Act, the

20  Federal Rules of Civil Procedure, and the Local Rules of Practice; the second amended

21  complaint must bear the docket number assigned this case and must be labeled "Second

22  Amended Complaint"; failure to file a second amended complaint in accordance with this order

23  will result in a recommendation that this action be dismissed;

24       3.  The Clerk of the Court is directed to send plaintiff the form for a civil rights

25  action by a prisoner; and

26  /////

1          4.  Plaintiff's motion for an extension of time in which to conduct discovery

2    (docket no. 20) is denied.

3    DATED:  August 25, 2010.

4    _____

5                                              U.S. MAGISTRATE JUDGE

6    2
     wash0408.14a.md
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26