IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTHONY E. WASHINGTON,

      Plaintiff,                                 No. CIV S-10-408 KJM P

     vs.

SACRAMENTO COUNTY JAIL, et al.,

      Defendants.                         <u>ORDER</u>

_____/

        Plaintiff is a federal prisoner proceeding pro se and in forma pauperis with an action filed pursuant to 42 U.S.C. § 1983.  By order filed August 25, 2010, plaintiff's complaint was dismissed with leave to file an amended complaint.  Plaintiff has now filed an amended complaint.

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

/////

1  A claim is legally frivolous when it lacks an arguable basis either in law or in
2 fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-
3 28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
4 indisputably meritless legal theory or where the factual contentions are clearly baseless.
5 Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however
6 inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d
7 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

8  In order to avoid dismissal for failure to state a claim a complaint must contain
9 more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements
10 of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007).  In other
11 words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory
12 statements do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  Furthermore, a
13 claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570.
14 "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to
15 draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129
16 S. Ct. at 1949.  When considering whether a complaint states a claim upon which relief can be
17 granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200
18 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v.
19 Rhodes, 416 U.S. 232, 236 (1974).

20  Plaintiff alleges that while he was a federal pretrial detainee in Sacramento
21 County jail, there was a delay in implementing treatment for his diabetes and HIV positive
22 status. When a new treatment regime was assigned, it caused him to have diarrhea daily, leading
23 to a rapid loss of weight.  He alleges that Jim, a nurse practitioner, did not follow doctor's orders
24 to obtain stool samples.  He also alleges that Dr. Cancio, a doctor at Care Clinic, which has a
25 contract for medical services with the jail, was responsible for overseeing the clinic employees.
26 Plaintiff names additional defendants at Care Clinic -- Grievance Coordinator Gonzales, Nurse

Pabola, Assistance Worker Christensen, and Emily Tsuchida, an employee – but does not describe what they did or failed to do that contributed to the denial of medical care.

A plaintiff must connect the named defendants clearly with the claimed denial of his rights. Farmer v. Brennan, 511 U.S. 825, 837, 843 (1994) (official's liability for deliberate indifference to assault requires that official know of and disregard an "excessive risk"); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) ("liability under section 1983 arises only upon a showing of personal participation by the defendant;" a supervisor is not liable without personal participation); Johnson v. Duffy, 588 F.3d 740, 743-44 (9th Cir. 1978) (discussing "requisite causal connection" in section 1983 cases between named defendant and claimed injury); Barren v. Harrington, 152 F.3d 1193, 1194-95 (9th Cir. 1998), cert. denied, 525 U.S. 1154 (1999) ("A plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights."). The court cannot determine from the complaint what role most of the named defendants played in the events about which plaintiff complains.

While the delay in providing appropriate medication may state a claim under the Eighth Amendment, plaintiff has not made clear whether his claimed injuries stemmed from the delay or from the new medication itself. In addition, he has not described how Jim's failure to test the samples contributed to the denial of medical care.

In Sum, the court finds the allegations in plaintiff's amended complaint so vague and conclusory that it fails to state a claim upon which relief can be granted. Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim. Id. Plaintiff's amended complaint must be dismissed. The court will, however, grant leave to file a second amended complaint.

/////

1    If plaintiff chooses to file a second amended complaint, plaintiff must
2 demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's
3 constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the second
4 amended complaint must allege in specific terms how each named defendant is involved.  There
5 can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection
6 between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362
7 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740,
8 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in
9 civil rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir.
10 1982).

11    In addition, plaintiff is informed that the court cannot refer to a prior pleading in
12 order to make plaintiff's second amended complaint complete.  Local Rule 220 requires that an
13 amended complaint be complete in itself without reference to any prior pleading.  This is
14 because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v.
15 Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files a second amended complaint, the
16 original pleading no longer serves any function in the case.  Therefore, in a second amended
17 complaint, as in an original complaint, each claim and the involvement of each defendant must
18 be sufficiently alleged.

19    In accordance with the above, IT IS HEREBY ORDERED that:
20    1.  Plaintiff's amended complaint is dismissed;
21    2.  Plaintiff is granted thirty days from the date of service of this order to file a
22 second amended complaint that complies with the requirements of the Civil Rights Act, the
23 Federal Rules of Civil Procedure, and the Local Rules of Practice; the second amended
24 complaint must bear the docket number assigned this case and must be labeled "Second
25 Amended Complaint"; plaintiff must file an original and two copies of the second amended
26 /////

4

1  complaint; failure to file a second amended complaint in accordance with this order will result in
2  a recommendation that this action be dismissed; and
3      3. The Clerk of the Court is directed to send plaintiff the form for a civil rights
4  action by a prisoner.
5  DATED: November 19, 2010.

_____
U.S. MAGISTRATE JUDGE

2
wash0408.14amd

5